**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORGAN HARRIS, JR., | ) | CASE NO. 1:11CV2143 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, et al, | ) | |
| | ) | |
| | ) | |
| RESPONDENTS. | ) | |

*Pro se* Petitioner Morgan Harris, Jr., aka R.J. Morgan ("petitioner" or "Morgan"), filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Morgan alleges he is currently involuntarily confined to the Northcoast Behavioral Healthcare facility in Northfield, Ohio in violation of his Constitutional rights. For the reasons set forth below, the Petition is **DENIED** and this action is **DISMISSED without prejudice**.

**I.    Factual Background**

Petitioner provides very little information about his confinement. He contends he was never indicted and then claims he "won all charges against [him]." (Pet., Doc. 1 at 4.) He does not indicate what charges, if any, were actually brought against him. He states he asked for a jury trial but did not receive one. He states he was given a "pre-hearing" but he does not indicate whether it was civil or criminal in nature, and does not indicate which court conducted the hearing. He claims that although he was not convicted of a crime, he was committed to

1

Northcoast Behavioral Healthcare[1] after the "pre-hearing." He indicates he did not appeal this decision.

## II. Habeas Petition

Petitioner asserts four grounds for relief:

1. False arrest and False Imprisonment: 1-16-2010 Imprisonment 1-20-2010 made bond won all charges.

2. 6-30-2010 False arrest and Imprisonment: For the same charges won all case again, then imprisonment instead being released.

3. 7-15-2010 Still incarcerated brought to court 7-16-2010 won all charges again instead of being released sent to Northcoast Behavioral Healthcare 9-27-2010 to present.

4. Amendment violations: V, VI, VIII, IX, and VII, XIII section 1, XIV section 1.

(Pet. Doc. 1 at 5-6.) Based on the allegations in the Petition and the grounds for relief, the Court construes Petitioner's assertions as an attempt to contest his involuntary commitment to a mental health treatment facility.

## III. Standard of Review

Federal habeas corpus review under 28 U.S.C. § 2254 is available to detainees seeking to challenge the legality of a state court order of involuntary civil commitment. S*ee Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005). An application for a writ of habeas corpus under § 2254 shall not be granted, however, unless the Petitioner has exhausted his state court remedies, there is an

---

[1] Northcoast Behavioral Healthcare is a regional mental hospital operated by the Ohio Department of Mental Health. *See* OHIO DEPT. OF MENTAL HEALTH, *Northcoast Behavioral Healthcare*, http://mentalhealth.ohio.gov/what-we-do/provide/hospital-services/regional-psychiatric-hospitals/northcoast.shtml (last visited Feb. 13, 2012).

2

absence of an available state corrective process, or circumstances exist that render such process ineffective to protect the Petitioner's rights. 28 U.S.C. § 2254(b)(1). To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. The Petitioner must provide the state courts with "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the Petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. See 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, see 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).

**IV.     Exhaustion of State Court Remedies**

It appears from the face of the Petition that Petitioner has not challenged in the state courts his confinement at Northcoast Behavioral Healthcare, despite the fact that state remedies are available for him to pursue. Specifically, Petitioner may pursue the remedy set forth

in Ohio Rev. Code § 5122.15(H), which provides in pertinent part that "[u]pon request of a person who is involuntarily committed under this section, . . . that is made more than one hundred eighty days after the person's last full hearing, mandatory or requested, the court shall hold a full hearing on the person's continued commitment." Orders rendered in such proceedings are appealable and therefore subject to review by the state's highest court. *Martin v. Summit Behavioral Healthcare Ctr.*, No. 1:08-CV-00313, 2009 WL 4139246, at *7 (S.D. Ohio Nov. 23, 2009); s*ee Roden v. Hubbard*, 417 N.E.2d 1255, 1257 (Ohio 1981). Moreover, to the extent that Petitioner seeks to raise claims that cannot be properly addressed in the periodic hearings provided for in § 5122.15(H), he may pursue relief by way of a habeas corpus petition under Ohio Rev. Code § 5122.30. *Martin*, 2009 WL 4139246, at *8; *Brewer v. Dahlberg*, 942 F.2d 328, 339 (6th Cir. 1991). Because Petitioner has not exhausted available state court remedies, his habeas corpus petition is subject to dismissal without prejudice.

### V. Conclusion

For all the foregoing reasons, the Petition (Doc. 1) is **DENIED** and this action is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 29, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**